IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DIAMOND OFFSHORE SERVICES COMPANY and DIAMOND OFFSHORE USA L.L.C., PLAINTIFFS, | § § § § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| HSBC BANK USA,N.A., HSBC MEXICO S.A., INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, CONADAT ISAIAS GOMEZ BERMAN DEFENDANTS. | § § § | |

NOTICE OF REMOVAL OF CIVIL ACTION

TO:   THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DIVISION OF TEXAS IN THE MCALLEN DIVISION:

The Defendant, Conadat Isaias Gomez Berman ("Gomez"), files this Notice of

Removal. The Court is referred to the following discussion in support of this pleading:

1.  This action was commenced on March 5, 2010 in the 334TH Judicial District

Court in Harris County, Texas with case number 2010-14949.

2.  Plaintiffs Diamond Offshore Services Company and Diamond Offshore

(USA) L.L.C. ("Diamond") sued Defendants Gomez, HSBC Bank USA, N.A. ("Bank

USA") and HSBC Mexico, S.A., Institucion de Banca Multiple, Grupo Financiero HSBC

("HSBC Mexico") for breach of contract and fraud, including fraudulent concealment

and conspiracy to defraud, in connection with an alleged scheme to embezzle money

from Diamond.

3.  Plaintiff Diamond is a Delaware corporation with its principal place of

business in Houston, Harris County, Texas.

4.   Defendant HSBC USA is a Virginia corporation with its principal place of business in Buffalo, New York and is engaged in banking, including but not limited to foreign banking, as these terms are understood by statute.

5.   Defendant HSBC Mexico is a foreign corporation, with its principal place of business in Mexico City, Mexico and is engaged in banking, including but not limited to foreign banking, as these terms are understood by statute.

6.   Defendant Gomez is an individual residing in McAllen, Texas, and at all times material to this action was working for Diamond as Diamond's Mexico administrator having access to Diamonds bank accounts.

7.   Diamond alleges that it maintained bank accounts with HSBC USA and HSBC Mexico.  Diamond further alleges that Gomez would email a cash statement to Diamond's main office in Houston, Texas requesting money to cover checks written from Diamond's HSBC accounts in Mexico.  Diamond would then purchase pesos and electronically transfer them from Diamond's US bank accounts to Diamond's HSBC accounts in Mexico to cover expenses.  The transferred money was received by the HSBC bank branch in Campeche, Mexico and was used to pay Diamonds' expenses related to its operations.  Diamond further alleges that Gomez and others conspired to embezzle a portion of the internationally transferred funds from Diamonds' bank accounts.

8.   12 U.S.C. § 632 provides that…all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or

foreign financial operations, either directly or through the agency, ownership, or control

of branches or local institutions in dependencies or insular possessions of the United

States or in foreign countries, shall be deemed to arise under the laws of the United

States, and the district courts of the United State shall have original jurisdiction of all

such suits; and any defendant in any such suit may, at any time before the trial thereof,

remove such suits from a State court into the district court of the United States for the

proper district by following the procedure for the removal of cause otherwise provided by

law. 12 U.S.C. § 632.

  9.  Pursuant to 12 U.S.C. § 632, Defendant Gomez has an independent right to

remove this action and may do so without the consent of the other defendants.

  10. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district

and division embrace the place where the action has been pending.

  11. Written notice of the filing of the Notice of Removal has been served upon

plaintiff and a copy of the Notice of Removal has been filed with the Clerk of the District

Court of Harris County, Texas.  A copy of the Notice to State Court of Filing of Removal

is attached to this pleading and marked as Exhibit 1.

  12. All pleadings, process, orders, and other filings in the state court action are

attached to this notice as required by 28 U.S.C. § 1446(a). A copy of Plaintiffs' Second

Amended Petition is attached as Exhibit 2; copies of citations issued to Defendants is

attached as Exhibit 3; a copy HSBC USA's Original Answer is attached as Exhibit 4; a

copy of HSBC Mexico's Original Answer Subject to Special Appearance is attached as

Exhibit 5; HSBC Mexico's Special Appearance is attached as Exhibit 6; Conadat Gomez

Original Answer is attached as Exhibit 7; a copy of the District Court Docket Control

Order is attached as Exhibit 8;and a copy of the District Court Docket Sheet is attached as Exhibit 9.

WHEREFORE, Defendant Gomez prays that the above entitled action be removed from the 334th District Court in Harris County, Texas to this Court and for further relief to which Defendant Gomez may be entitled.

Respectfully submitted

Law Office of Michael J. Garza, P.C.
6521 North 10th Street, Suite F
McAllen, Texas 78504
Telephone No. (956) 994-3100
Telecopier No. (956) 994-3174

BY:      /s Michael J. Garza
**Michael J. Garza**
State Bar No. 00788769

**ATTORNEY FOR DEFENDANT
CONADAT ISAIAS GOMEZ BERMAN**

## CERTIFICATE OF SERVICE

I the undersigned do hereby certify that on the 14th day of June, 2010 a true and correct copy of the above and foregoing document was sent via electronic mail and/or electronic filing to:

Laura P. Haley
**Diamond Offshore Management Company**
15415 Katy Freeway, Suite 300
Houston, Texas 77094
lhaley@dodi.com

Anthony Weiner
**Dobrowski L.L.P.**
4601 Washington Ave, Suite 300
Houston, Texas 77007
adw@doblaw.com

ATTORNEYS FOR DIAMOND PLAINTIFFS

Glen M. Boudreaux
Maryellen Shea
**Jackson Walker L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas 77010
gboudreaux@jw.com
mshea@jw.com

ATTORNEYS FOR HSBC DEFENDANTS

/s Michael J. Garza
**Michael J. Garza**

## INDEX OF THE PLEADINGS, ORDERS AND EXECUTED PROCESS

1.      Notice to State Court of Filing of Removal
2.      Plaintiffs' Second Amended Petition
3.      Copies of citations issued Defendants
4.      HSBC USA's Original Answer
5.      HSBC Mexico's Original Answer Subject to Special Appearance
6.      HSBC Mexico's Special Appearance
7.      Conadat Gomez Original Answer
8.      District Court Docket Control Order
9.      District Court Docket Sheet

## ALL ATTORNEYS APPEARING IN THE PROCEEDING

Plaintiffs' Attorneys

Laura P. Haley
**Diamond Offshore Management Company**
15415 Katy Freeway, Suite 300
Houston, Texas 77094
lhaley@dodi.com

Anthony Weiner
**Dobrowski L.L.P.**
4601 Washington Ave, Suite 300
Houston, Texas  77007
adw@doblaw.com

HSBC Defendants' Attorneys

Glen M. Boudreaux
Maryellen Shea
**Jackson Walker L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas  77010
gboudreaux@jw.com
mshea@jw.com

Defendant Conadat Isaias Gomez Berman's Attorney

Michael J. Garza
**Law Office of Michael J. Garza, P.C.**
6521 North 10th Street, Suite F
McAllen, Texas 78504
michaelgarza@mac.com

# EXHIBIT 1

CAUSE NO. 2010-14949

| | | |
|---|---|---|
| DIAMOND OFFSHORE SERVICES | § | IN THE DISTRICT COURT |
| COMPANY & DIAMOND OFFSHORE | § | |
| (USA) L.L.C. | § | |
| | § | |
| VS. | § | 334TH JUDICIAL DISTRICT |
| | § | |
| HSBC BANK USA, N.A., HSBC MEXICO | § | |
| S.A. & CONADAT ISAIAS | § | |
| GOMEZ BERMAN | § | HARRIS COUNTY, TEXAS |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

TO:    Loren Jackson
       Harris County District Clerk
       P.O. Box 4651
       Houston, Texas 77210-4651

On June 14, 2010, Defendant, Conadat Isaias Gomez Berman filed the attached notice

of removal in the Office of the Clerk of the United States District Court for the Southern

District of Texas.

Respectfully Submitted,

LAW OFFICE OF MICHAEL J. GARZA, P.C.
6521 N. 10th Street, Ste F
McAllen, Texas 78504
Tele: (956) 994-3100
Fax: (956) 994-3174

By:    _____
       Michael J. Garza
       State Bar No. 00788769

## CERTIFICATE OF SERVICE

I the undersigned do hereby certify that on the 14th day of June, 2010 a true and correct copy of the above and foregoing document was sent via electronic mail and/or electronic filing to:

Laura P. Haley
**Diamond Offshore Management Company**
15415 Katy Freeway, Suite 300
Houston, Texas 77094
lhaley@dodi.com

Anthony Weiner
**Dobrowski L.L.P.**
4601 Washington Ave, Suite 300
Houston, Texas  77007
adw@doblaw.com

ATTORNEYS FOR DIAMOND PLAINTIFFS

Glen M. Boudreaux
Maryellen Shea
**Jackson Walker L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas  77010
gboudreaux@jw.com
mshea@jw.com

ATTORNEYS FOR HSBC DEFENDANTS

_____ /s Michael J. Garza
**Michael J. Garza**

# EXHIBIT 2

CAUSE NO. 2010-14949

| | | |
|---|---|---|
| DIAMOND OFFSHORE SERVICES | § | IN THE DISTRICT COURT OF |
| COMPANY & DIAMOND OFFSHORE | § | |
| (USA) L.L.C. | § | |
|    Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HSBC BANK USA, N.A., HSBC MEXICO | § | |
| S.A. & CONADAT ISAIAS | § | |
| GOMEZ BERMAN | § | |
|    Defendants. | § | 334th JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED PETITION

COME NOW DIAMOND OFFSHORE SERVICES COMPANY AND DIAMOND OFFSHORE (USA) L.L.C. ("Plaintiffs and/or Diamond") and file Plaintiffs' Second Amended Petition against Defendants, HSBC BANK USA, N.A., ("HSBC USA") HSBC MEXICO S.A. ("HSBC Mexico")(collectively "HSBC") and CONADAT ISAIAS GOMEZ BERMAN ("Gomez")(collectively "Defendants").

### Discovery Control Plan

1.    This case is being conducted as a Level 3 case in accordance with Texas Rule of Civil Procedure 190.4.

### Overview

2.    This is a fraud, misrepresentation, and breach of contract case. Defendant Gomez and his co-conspirators engaged in fraud by conspiring to embezzle from Diamond's HSBC bank accounts. After Diamond discovered the embezzlement, and after Defendant HSBC confirmed that fraud had been committed, HSBC offered to pay Diamond the amount that was removed from Diamond's account in the embezzlement scheme. Diamond accepted HSBC's offer. HSBC then reneged on its agreement with Diamond.

## Parties

3.      Plaintiff Diamond Offshore Services Company ("DOSC") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas.

4.      Plaintiff Diamond Offshore (USA) L.L.C. is a Delaware corporation with its principal place of business in Houston, Harris County, Texas.

5.      Defendant, HSBC Bank USA, N.A. is a Virginia corporation with its principal place of business in Buffalo, New York. It was served at its offices located at One HSBC Center, 24th Floor, Buffalo NY, 14203 and will answer on May 21, 2010.

6.      Defendant, HSBC Mexico S.A. is a foreign corporation, with its principal place of business in Mexico City, Mexico. It was served with process by serving HSBC Bank USA, N.A. at One HSBC Center, 24th Floor, Buffalo NY, 14203 and will answer on May 21, 2010.

7.      Defendant Conadat Isaias Gomez Berman is an individual residing in Texas. He was served and will answer as required.

## Jurisdiction and Venue

8.      This Court has jurisdiction over this matter. By way of example, the matter exceeds the jurisdictional limits of this court; HSBC regularly conducts business in the State of Texas and is therefore subject to the general jurisdiction of its Courts. Further, this court also has specific jurisdiction over HSBC from its dealings with Plaintiffs, upon which this lawsuit was filed, and based upon the nature of HSBC's actions This Court has jurisdiction over Gomez, who is a Texas resident.

9.      Venue is proper in this Court. By way of example, venue is proper under Texas Civil Practice and Remedies Code, Section 15.002(a)(1)&(4).

## Facts

10.    In 2003, Gomez became Plaintiffs' Mexico Administrator. As such, Gomez lived and worked in Ciudad del Carmen, Mexico, administering shore-based operations for Plaintiffs' drilling rigs working in the southern Gulf of Mexico. As the administrator, Gomez had access to Plaintiffs' bank accounts, accounts payables, checks, vendors and money.

11.    Plaintiffs have banking relationships with HSBC USA and HSBC Mexico. Each week, Gomez would cause a "cash statement" to be emailed to Plaintiffs' main office (in Houston, Texas) requesting money to cover checks written the following week from Plaintiffs' HSBC accounts in Mexico. Each week, based upon Gomez's request, Plaintiffs would cause pesos (MP$) to be purchased and electronically transferred from their US accounts to their HSBC Mexico accounts to cover expenses. The money Plaintiffs transferred would be received in the HSBC bank branch in Campeche, Mexico and used to pay Plaintiffs' expenses related to its operations. HSBC Mexico's Campeche branch was managed by Emisael Suarez.

12.    Unbeknownst to Plaintiffs, Suarez, Gomez, and others conspired to embezzle a portion of the transferred sums from Plaintiffs' bank accounts. In furtherance of the conspiracy, Gomez requested money in weekly cash reports to cover the amounts they would embezzle from Plaintiffs' accounts. In reliance on these representations, Diamond would wire money into its HSBC accounts in Mexico. Gomez would process fraudulent invoices and write checks on Plaintiffs' accounts, allegedly paying the fraudulent invoices. Then Gomez would contact Suarez and travel to the HSBC bank that Suarez managed, where Suarez would endorse the checks and cause it to be deposited in an

account created for Gomez, rather than to the payee of the check. Thus, funds that Gomez solicited from Plaintiffs were withdrawn from their accounts under false pretenses and deposited into Gomez's account. Plaintiffs could not discover this fraud unless it scrutinized the back of the deposited checks, as only the back of the check showed that the money was not deposited into the payee's account, but rather into Gomez's. It was not customary for Plaintiffs to receive copies of the backs of its checks. After the check was deposited into Gomez's account, funds were transferred into accounts for the benefit of Gomez, Suarez and others.

13.    In June 2009, facts arose causing Plaintiffs to investigate whether a financial impropriety had occurred. Gomez was no longer working with Plaintiffs' operations in Mexico, and Suarez had been transferred to a different HSBC branch bank. During the investigation, Plaintiffs obtained copies of the front and back of many of its checks written in 2006. After analyzing the backs of the checks deposited into Gomez's account, Plaintiffs realized, for the first time, that a theft had occurred.

14.    Plaintiffs requested and received numerous checks and assistance from HSBC, using Plaintiffs' relationship with HSBC USA to facilitate its request of checks from HSBC Mexico. Plaintiffs and HSBC USA had a direct and comprehensive banking relationship, through which HSBC USA often facilitated Plaintiffs' worldwide banking needs, assisting in resolving any issues that arose, including in Mexico. When Plaintiffs had gathered sufficient facts, it contacted HSBC USA and reported the fraud. In response, HSBC USA launched an internal investigation and put Plaintiffs in contact with Marcial Lujan ("Mr. Lujan"), an attorney for HSBC Mexico. HSBC USA represented that Lujan could respond to Plaintiffs' inquiries "in the most effective manner." HSBC

USA represented to Plaintiffs that Mr. Lujan was HSBC's "legal point person for this matter."

15.    Plaintiffs dealt with Mr. Lujan for much of the investigation, from time to time involving HSBC USA when Mr. Lujan was unresponsive.  At the conclusion of the investigation, Plaintiffs and HSBC began discussing HSBC's reimbursement of Plaintiffs' losses.  Beginning November 10, 2009, HSBC and Plaintiffs discussed the amount of Plaintiffs' reimbursement.

16.    Mr. Lujan of HSBC Mexico initially offered to compensate Plaintiffs for half of the losses that resulted from the conspiracy and fraud.  Plaintiffs rejected that offer but agreed to continue discussions.  In that meeting, to justify HSBC's offer of half of the losses, Mr. Lujan and his colleague, Edson Fernandez, HSBC's Director of Litigation, showed Plaintiffs' counsel confidential banking documents and spent considerable time explaining details of the potential settlement documents. Plaintiffs responded with a new demand: $1,600,000. This amount included the amount that was removed from Plaintiffs HSBC accounts in the fraud, as well as a portion of the investigative fees Plaintiffs expended discovering the fraud.  In response, Mr. Lujan offered, on behalf of HSBC, to compensate Plaintiffs for the full amount of funds that were embezzled from Plaintiffs' accounts, MP$14,633,342.  Mr. Lujan further represented that the entire transaction would be completed and the funds transferred by year end 2009.  Plaintiffs accepted HSBC's offer of MP$14,633,342 and sent Mr. Lujan an email memorializing their agreement.

17.    The following day, Mr. Lujan contacted Plaintiffs and claimed that he did not have the authority to offer the MP$14,633,342 he had offered the day before and that

Diamond accepted. Instead, he said he only had authority to offer the amount HSBC initially offered to Plaintiffs – half of the amount embezzled.

### Causes of Action

*Fraud, Fraudulent Concealment, and Conspiracy to Defraud*

18.     Plaintiffs incorporate paragraphs 1-17 as if fully set forth herein.

19.     Gomez and HSBC's employee, Suarez, made representations and omissions regarding amounts due to vendors and the actual payee of Plaintiffs' checks. These representations and non-disclosures were false and Gomez and Suarez knew they were false or recklessly disregarded their truth or falsity.

20.     Based on their representations, Plaintiffs provided funds to the accounts to which Gomez and Suarez had access. Thus, Plaintiffs relied on Gomez's and Suarez's representations and non-disclosures to Plaintiffs' detriment.

21.     As a proximate result of Gomez and Suarez's misrepresentations and non-disclosures, Plaintiffs were damaged in an amount in excess of the jurisdictional limits of this court, for which it now sues.

22.     The discovery rule applies to the facts of this case, delaying accrual of Plaintiffs' fraud cause of action, because of the fraud and fraudulent concealment of Gomez and HSBC's employee Suarez.

23.     Because the nature of the embezzlement committed by Gomez and Suarez was inherently undiscoverable and objectively verifiable, the discovery rule applies to toll any applicable statutes of limitations.

24.     HSBC USA and HSBC Mexico made representations and omissions regarding Mr. Lujan's authority to represent HSBC in his dealings with Plaintiffs. These

representations and non-disclosures were false and HSBC USA and HSBC Mexico knew they were false or recklessly disregarded their truth or falsity.

25.    Mr. Lujan made a false representation when he offered, on behalf of HSBC, to pay the full amount embezzled from Plaintiffs' accounts. Mr. Lujan knew HSBC would not pay the amount offered, MP$14,633,342, and/or knew he was not authorized to offer that amount to Plaintiffs. These representations and non-disclosures were false, and Mr. Lujan knew they were false or recklessly disregarded their truth or falsity.

26.    Based on HSBC USA and HSBC Mexico's representations of Mr. Lujan's authority, Plaintiffs entered into good faith negotiations with Mr. Lujan, believing he was authorized to negotiate on behalf of HSBC. Based upon Mr. Lujan's offer of the full amount embezzled from Plaintiffs' accounts, Plaintiffs agreed to accept MP$14,633,342, an amount significantly less than Plaintiffs demanded from HSBC during the negotiations($1,600,000.00). Thus, Plaintiffs relied upon Mr. Lujan's authority and good faith by negotiating with him and agreeing to accept a lesser amount. However, Mr. Lujan was either not authorized to act in the capacity that he and HSBC represented he was, and/or he knowingly or recklessly represented that HSBC would pay the amount he offered. Thus, using false pretenses, he negotiated with Plaintiffs, offering an amount he knew or should have known that HSBC would not pay for the purpose of trying to get Plaintiffs to ultimately accept even less.

27.    As a proximate result of HSBC USA and HSBC Mexico's misrepresentations and non-disclosures, Plaintiffs were injured in an amount in excess of the jurisdictional limits of this Court for which it now sues.    As a proximate result of Mr. Lujan's

7

misrepresentations and omissions, Plaintiffs were injured in excess of the jurisdictional limits of this Court for which it now sues.

### *Breach of Contract*

28.    Plaintiffs incorporate paragraphs 1-27 as if fully set forth herein.

29.    HSBC breached its contract with Plaintiffs.  All conditions precedent to this action have occurred.

30.    Plaintiffs have incurred breach of contract damages in the amount of MP$14,633,342, (approximately $1,400,000.00 when Plaintiffs transferred the funds to its accounts) as well as direct, special and incidental damages in excess of the minimum jurisdictional limits of this Court, for which it now sues.

### *Attorneys Fees & Interest*

31.    Plaintiffs incorporate paragraphs 1-30 as if fully set forth herein.

32.    Pursuant to applicable law and statutes, including but not limited to Civil Practices & Remedies Code, Section 38.001, Plaintiffs request that its attorney's fees and costs be awarded, along with pre-and post judgment interest.

### **Jury Trial Requested**

33.    Plaintiffs have tendered the appropriate fee.

### **Prayer**

34.    Therefore, Plaintiffs Diamond Offshore Services Company and Diamond Offshore (USA) L.L.C. respectfully request that this Court, on final trial, award Plaintiffs judgment for the full amount of their damages, attorney's fees, costs, applicable pre and post judgment interest, and for such other and further relief at equity and law to which Plaintiffs may be justly entitled.

Respectfully submitted,

By:

Laura P. Haley
Texas Bar No. 24012766
Diamond Offshore Management Company
15415 Katy Freeway, Suite 300
Houston, Texas 77094
(281) 647-2180
(281) 647-2223 (fax)

Anthony D. Weiner
Texas Bar No. 24043984
Dobrowski L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007
713-659-2900
713-659-2908 (fax)

ATTORNEYS FOR DIAMOND OFFSHORE SERVICES
COMPANY & DIAMOND OFFSHORE (USA) L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Second Amended Petition has been served on June 7th, 2010 by electronic mail, fax and/or CM-RRR upon the following counsel:

Glen M. Boudreaux
Jackson Walker L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
713-752-4404 (direct)
713-754-6712 (direct fax)

Michael J. Garza of Michael J. Garza P.C.,
6521 North 10th Street, Suite F,
McAllen, Texas 78504
(956) 994-3100 (telephone)
(956) 994-3100 (fax)

Anthony D. Weiner

9

# EXHIBIT 3

**Received**

MAY 11 2010

Legal
Department

CAUSE NO. 201014949

RECEIPT  NO. 399714          0.00        ATY
                03-05-2010         TR # 72511351

PLAINTIFF: DIAMOND OFFSHORE SERVICES COMPANY
vs.
DEFENDANT: HSBC BANK USA N A

In The  334th
Judicial District Court
of Harris County, Texas
334TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: BERMAN, CONADAT ISAIAS GOMEZ
    OR ANYWHERE HE MAY BE FOUND
    1613 SEBASTIAN STREET  MISSION TX 78572

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 5th day of March, 2010, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 10th day of March, 2010, under my hand and seal of said Court.

Issued at request of:
WEINER, ANTHONY D.
4601 WASHINGTON #300
HOUSTON, TX 77007
Tel: (713) 659-2900
Bar No.: 24043984

LOREN JACKSON, District Clerk
Harris County, Texas
201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: COOPER, LISA L    3JG/01X/8649971

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11:00 o'clock a .M., on the 4 day of March , 2010.

Executed at (address) 6521 N. 10th St. McAllen Tx. Law Office of Garza Michael in

Hidalgo County at 3:00 o'clock p .M., on the 5 day of May ,

_____ , by delivering to Michael J. Garza / Attorney for _____ defendant, in person, a true copy of this Citation together with the accompanying copy(ies) of the Petition Humberto 0-19/10 of

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 5 day of May , 2010.

Fee: $_____    Accepted by



Michael J. Garza

Hugo Alvarez
Affiant

of Hidalgo County, Texas

By  Hugo Alvarez
    Deputy  Process Server

On this day, H Hugo Alvarez _____ , known to me to be the person whose signature appears on the foregoing return, personally appeared . After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited in the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 6th day of May , 2010

Notary Public

LAURA REYNA
My Commission Expires
August 19, 2010

HUNT.CIT&P

CAUSE NO. 201076949

RECEIPT NO. 399714                 0.00        ATY
                                              TR R TKSKVIRA
                           01-05-2010
                                       In the 334th
PLAINTIFF: DIAMOND OFFENDER SERVICES COMPANY        Judicial District Court
         vs.                                        of Harris County, Texas
DEFENDANT: HSBC BANK USA N A                        334TH DISTRICT COURT
                                                    HOUSTON, TX

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

TO: HSBC MEXICO S A (FOREIGN CORPORATION) BY SERVING HSBC BANK USA N A
    ONE HSBC CENTER 26TH FLOOR  BUFFALO NY 14703

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 5th day of March, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 10th day of March, 2010, under my hand and
seal of said Court.

Issued at request of:                    LOREN JACKSON, District Clerk
WILLIAM, ANTHONY P.                      Harris County, Texas
4601 WASHINGTON #300                     301 Caroline     Houston, Texas 77002
HOUSTON, TX 77007                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 655-2900
Bar No.: 24045984                        GENERATED BY: COOPER, LISA L   370/DIK/3649971

OFFICER/AUTHORIZED PERSON RETURN

Received on the 12 day of MARCH  , 2010, at 10  o'clock A .M., and
executed the same in ERIE  County, New York , on the 12 day of MARCH , 2010, at
1:59 o'clock  P.M., by summoning the HSBC MEXICO SA By SERVING HSBC USA NA
by delivering to ONE HSBC CENTER, BUFFALO NY , in person SONATON CABRERA

a corporation   by leaving in the principal office during office hours
1:59 pm                of the said HSBC CENTER, BUFFALO, NY. 14203
a true copy of this motion, together with accompanying copy of

serving _____ copy ___ $ _____
Charles E. ...                      by Charles E. ...
        Affiant                         Deputy  PROCESS SERVER

On this day,                           , known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner required on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 17th day of  March  , 2010.
                                              Signia Morales
                                              Notary Public

SIGNIA I. MORALES
Notary Public - State of New York
No. 01MO6140165
Qualified in Erie County
My Commission Expires January 23, 20 14

Mar 18 10 10:04a　　McCLAM & ASSOCIATES　　　　　　78..844056　　　　p.4

CAUSE NO. 201014549

RECEIPT NO. 399714　　　　　　8.00　　　ATY
04-05-2010　　　　　　　　TR A 12013761A

In The 334th
PLAINTIFF; DIAMOND OFFSHORE SERVICES COMPANY　　　Judicial District Court
vs.　　　　　　　　　　　　　　　　　of Harris County, Texas
DEFENDANT: HSBC BANK USA N A　　　　　　　　334TH DISTRICT COURT
　　　　　　　　　　　　　　　　　　　　Houston, TX

CITATION (NON-RESIDENT CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: HSBC MEXICO S A (FOREIGN CORPORATION) BY SERVING HSBC BANK USA N A
ONE HSBC CENTER 24TH FLOOR　BUFFALO NY 14203

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 8th day of March, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 10th day of March, 2010, under my hand and
seal of said Court.

Issued at request of:
SNIDER, ANTHONY D.　　　　　　　LOREN JACKSON, District Clerk
4601 WASHINGTON #200　　　　　　　Harris County, Texas
HOUSTON, TX 77007　　　　　　　201 Caroline　　Houston, Texas 77002
Tel: (713) 869-2900　　　　　　(P.O. Box 4651, Houston, Texas 77210)
Bar No.: 24043884
　　　　　　　　　　　　　　GENERATED BY: COOPER, LISA L　　334/U1F/8649871

OFFICER/AUTHORIZED PERSON RETURN

Received on the 12 day of MARCH , 2010 , at 10 o'clock A .M., and
executed the same in ERIE County, New York Texas , on the 12 day of MARCh , 2010 , at
1:59 o'clock P.M., by summoning the HSBC MEXICO SA By Serving HSBC USA NA ,
by delivering to ONE HSBC CENTER, BUFFALO NY , in person SONAIDA CORDERO

a corporation by leaving in the principal office during office hours
1:59 PM of the said HSBC CENTER BUFFALO, NY, 14203
a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ #

Charles E A_____　　　　　　　　By Charles E A_____
Affiant　　　　　　　　　　　　　　Deputy PROCESS SERVER

On this day, _____ , known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 17 day of March , 2010

Signia L Morales
Notary Public

SIGNIA I. MORALES
Notary Public - State of New York
No. 01MO6140165
Qualified in Erie County
My Commission Expires January 23, 20 1/

Mar 18 10 10:03a        McCLAM & ASSOCIATES                78-244056                p.2

# Affidavit of Process Server

THE 334th JUDICIAL DISTRICT COURT of HARRIS COUNTY, TEXAS 334TH DISTRICT COURT HOUSTON, TEXAS
<br>(NAME OF COURT)

DIAMOND OFFSHORE SERVICES COMPANY vs HSBC BANK USA NA                      201014949
<br>PLAINTIFF/PETITIONER                    DEFENDANT/RESPONDENT              CASE NUMBER

I, CHARLES E. AMOS _____, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served HSBC BANK USA NA
<br>                    NAME OF PERSON / ENTITY BEING SERVED

with (list documents) CITATIONS (NON-RESIDENT CORPORATE)

by leaving with SORAIDA CORDERO          LEGAL PROCESSOR           At
<br>              NAME                    RELATIONSHIP

☐ Residence _____
<br>                    ADDRESS                    CITY / STATE

☒ Business ONE HSBC CENTER 12TH FLOOR LEGAL DEPT.  BUFFALO, NEW YORK 14203
<br>            ADDRESS                              CITY / STATE

On MARCH 12, 2010 _____ AT 1:59 PM _____
<br>    DATE                            TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
<br>                                                                        DATE

from _____ _____ _____
<br>      CITY        STATE        ZIP

**Manner of Service:**
<br>☐ **Personal:** By personally delivering copies to the person being served.
<br>☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
<br>☒ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
<br>☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address  ☐ Moved, Left no Forwarding  ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion
<br>☐ Address Does Not Exist  ☐ Other _____

Service Attempts: Service was attempted on: (1) MARCH 12 2010    1:59 PM    (2) _____
<br>                                            DATE        TIME              DATE    TIME

(3) _____ _____ (4) _____ _____ (5) _____ _____
<br>      DATE        TIME          DATE        TIME          DATE        TIME

Description: Age 25-30 Sex FEMALE Race HISPANIC Height 5'4"    Weight 125-130 Hair DARK Beard NO Glasses NO

_____
<br>SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _17th_ day of _March_, 20_10_, by _Charles E. Amos_
<br>Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

SIGNIA I. MORALES
<br>Notary Public - State of New York
<br>No. 01MO6140165
<br>Qualified in Erie County
<br>My Commission Expires January 23, 20 14

_____
<br>SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of _New York_

FORM 2        NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# EXHIBIT 4

CAUSE NO. 2010-14949

| | | |
|---|---|---|
| DIAMOND OFFSHORE SERVICES | § | IN THE DISTRICT COURT OF |
| COMPANY and DIAMOND OFFSHORE | § | |
| (USA) L.L.C. | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HSBC BANK USA, N.A., HSBC MEXICO | § | |
| S.A., CONADAT ISAIAS and GOMEZ | § | |
| BERMAN | § | |
| Defendants. | § | 334TH JUDICIAL DISTRICT |

## DEFENDANT HSBC BANK USA'S ORIGINAL ANSWER

Defendant HSBC Bank USA, N.A., answers Plaintiffs' First Amended Petition as

follows:

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, HSBC Bank USA, N.A.

pleads a general denial to Plaintiffs' allegations.

Further, HSBC Bank USA asserts that Plaintiffs' claims are barred by the statute of

limitations and contractual limitations.

Further, Plaintiffs do not have standing to pursue this suit.

HSBC Bank USA, N.A. respectfully prays that Plaintiffs take nothing by their suit,

that HSBC Bank USA, N.A. recover costs of court, and for such other and further relief to

which it may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

Glen M. Boudreaux
State Bar No. 02696500
Maryellen Shea
State Bar No. 00793948
1401 McKinney, Suite 1900
Houston TX 77010
Telephone: 713-752-4200
Fax: 713-752-4221

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, as indicated below, in compliance with the Texas Rules of Civil Procedure, on May 25, 2010:

Laura P. Haley                                        *Via Facsimile: (281) 647-2180*
Diamond Offshore Management Company
15415 Katy Freeway, Suite 300
Houston, Texas 77094

Anthony D. Weiner                                  *Via Facsimile: (713) 659-2908*
Dobrowski L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007

Maryellen Shea

# EXHIBIT 5

CAUSE NO. 2010-14949

| | | |
|---|---|---|
| DIAMOND OFFSHORE SERVICES | § | IN THE DISTRICT COURT OF |
| COMPANY & DIAMOND OFFSHORE | § | |
| (USA) L.L.C. | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HSBC BANK USA, N.A., HSBC MEXICO | § | |
| S.A. and CONADAT ISAIAS GOMEZ | § | |
| BERMAN | § | |
|     Defendants. | § | 334TH JUDICIAL DISTRICT |

## DEFENDANT HSBC MEXICO'S ORIGINAL ANSWER
## SUBJECT TO ITS SPECIAL APPEARANCE

Defendant HSBC Mexico, S.A., Institución de Banca Múltiple, Grupo Financiero HSBC ("HSBC Mexico"), incorrectly named in this lawsuit as HSBC Mexico S.A., answers Plaintiffs' First Amended Petition as follows:

Subject to its Special Appearance and pursuant to Rule 92 of the Texas Rules of Civil Procedure, HSBC Mexico pleads a general denial to Plaintiffs' allegations.

Further, HSBC Mexico asserts that Plaintiffs' claims are barred by the statute of limitations.

Further, Plaintiffs do not have the standing to pursue this suit.

HSBC Mexico respectfully prays that Plaintiffs take nothing by their suit, that HSBC Mexico recover costs of court, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

Glen M. Boudreaux
State Bar No. 02696500
Maryellen Shea
State Bar No. 00793948
1401 McKinney, Suite 1900
Houston TX 77010
Telephone: 713-752-4200
Fax: 713-752-4221
gboudreaux@jw.com
mshea@jw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, as indicated below, in compliance with the Texas Rules of Civil Procedure, on May 25, 2010:

Laura P. Haley                                    Via Facsimile: (281) 647-2180
Diamond Offshore Management Company
15415 Katy Freeway, Suite 300
Houston, Texas 77094

Anthony D. Weiner                                 Via Facsimile: (713) 659-2908
Dobrowski L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007

Maryellen Shea

2

# EXHIBIT 6

CAUSE NO. 2010-14949

| | | |
|---|---|---|
| DIAMOND OFFSHORE SERVICES | § | IN THE DISTRICT COURT |
| COMPANY and DIAMOND | § | |
| OFFSHORE (USA) L.L.C. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| HSBC BANK USA, N.A., HSBC | § | |
| MEXICO S.A., CONADAT ISAIAS | § | |
| GOMEZ BERMAN | § | |
| | § | |
| Defendants. | § | 334th JUDICIAL DISTRICT |

## DEFENDANT HSBC MEXICO, S.A.'S SPECIAL APPEARANCE

TO THE HONORABLE DISTRICT COURT:

Defendant HSBC Mexico, S.A., Institución de Banca Múltiple, Grupo Financiero HSBC ("HSBC Mexico"), incorrectly named in this lawsuit as HSBC Mexico S.A., makes this Special Appearance pursuant to TEXAS RULE OF CIVIL PROCEDURE 120a for the purpose of objecting to this Court's jurisdiction over HSBC Mexico. HSBC Mexico asks the Court to sustain its Special Appearance and dismiss the lawsuit brought by Plaintiffs Diamond Offshore Services Company and Diamond Offshore (USA) L.L.C. (collectively "Diamond"), and respectfully shows the Court as follows:

1.    Diamond sued Defendants HSBC Bank USA, N.A., HSBC Mexico and Conadat Isaias Gomez Berman alleging fraud and breach of contract in connection with an alleged scheme to embezzle money from Diamond.   Without distinguishing between the entities, Diamond also alleges that "HSBC" reneged on an agreement to settle this dispute.

## I.
## INTRODUCTION AND SUMMARY

2.     HSBC Mexico lacks the minimum contacts with Texas required for this Court to exercise personal jurisdiction over it.  HSBC Mexico is a Mexican bank doing business in Mexico,  It does not conduct business in Texas, nor do Diamond's claims in this lawsuit arise from any actions by HSBC Mexico in Texas.  Therefore, pursuant to Rule 120a of the TEXAS RULES OF CIVIL PROCEDURE, this action should be dismissed against HSBC Mexico because this Court lacks personal jurisdiction over it.

## II.
## SPECIAL APPEARANCE

3.     HSBC Mexico makes this Special Appearance before filing any other plea, pleading, motion or any other document.  Any plea, pleading, motion or document filed subsequent to this Special Appearance is filed expressly subject to this Special Appearance, and is not intended as a waiver hereof or as a general appearance in this suit.

## III.
## DIAMOND MAKES NO JURISDICTIONAL
## ALLEGATIONS AGAINST HSBC MEXICO

4.     Diamond asserts no allegations that HSBC Mexico took any actions within the State of Texas or consummated any transactions in Texas that are related to the particular controversy that forms the basis of their action.  Rather, Diamond merely makes a blanket jurisdictional allegation that "HSBC regularly conducts business in the State of Texas and is therefore subject to the general jurisdiction of its Courts. By way of further example, this court also has specific jurisdiction over HSBC based on its dealings with Plaintiffs, upon which this lawsuit was filed." Amended Petition ¶8.

05/25/2010  17:13  FAX                                                    ☒ 005/030

5.    <u>First</u>, Diamond improperly conflates the two HSBC entities, but makes no specific allegation as to HSBC Mexico. HSBC Bank USA, N.A. and HSBC Mexico are two separate and distinct legal entities, and Diamond must establish personal jurisdiction over each HSBC entity. *See* Affidavit of Fernando Franco de La Garza ("Affidavit") attached hereto as Exhibit A, ¶3. Moreover, to the extent Diamond intended this allegation to apply to HSBC Mexico, it is incorrect; HSBC Mexico does not conduct business in the State of Texas, regularly or otherwise. *See infra.*

6.    In fact, Diamond's allegations demonstrate a complete lack of connection between Texas and HSBC Mexico (and this entire lawsuit). All allegations of wrongful conduct occurred <u>in Mexico,</u> not in Texas. Diamond alleges that:

Diamond's employee, Defendant Conadat Isaias Gomez Berman ("Gomez") lived and worked <u>in Mexico</u>. Amended Petition ¶10.

Gomez sent emails <u>from Mexico</u> to Diamond requesting that Diamond wire money <u>to Mexico</u> to cover Diamond's expenses for each upcoming week. Amended Petition ¶11.

The money that Diamond wired was received by HSBC Mexico – <u>in Campeche</u> <u>Mexico</u>. Amended Petition ¶11-12.

The individuals accused of conspiring to embezzle money were all located <u>in</u> <u>Mexico</u>. Amended Petition ¶11-12.

Gomez processed fraudulent invoices and wrote checks on Diamond's accounts <u>in</u> <u>Mexico</u>. Amended Petition ¶12.

The fraudulent checks were endorsed and Diamond's money was withdrawn from Diamond's accounts <u>in Mexico</u>. Amended Petition ¶12.

The money was then deposited into Gomez's account <u>in Mexico</u> and subsequently disbursed to others <u>in Mexico</u>. Amended Petition ¶12.

To investigate the matter, Diamond contacted Marcial Lujan, HSBC Mexico's attorney located in Mexico.[1] Amended Petition ¶14, Affidavit ¶4.

6.    The only activities alleged to have occurred in The United States (and/or Texas) are that *Diamond* wired their own money from their own "US accounts" to Mexico, and HSBC Bank USA N.A. apparently "facilitated" and "assisted" Diamond by launching an internal investigation which put Diamond in contact HSBC Mexico's attorney — located in Mexico. Amended Petition ¶11, 14.

## IV.
## JURISDICTIONAL FACTS

7.    HSBC Mexico is a Mexican bank. HSBC Mexico's corporate domicile, principal place of business and place of incorporation are all in the United Mexican States ("Mexico"). See Affidavit Exhibit A, ¶5.

8.    HSBC Mexico does not conduct business in Texas. It is not qualified to do business in Texas nor is it registered as a foreign corporation with the Secretary of State of Texas. It is not a resident of Texas and is not required to maintain a registered agent in Texas. In fact, to establish any kind of an office or branch outside of Mexico, a specific authorization from the Ministry of Finance and Public Credit of Mexico ("Secretaría de Hacienda y Crédito Público") is required. No such authorization exists for HSBC Mexico to establish or maintain a branch or office in Texas.  Affidavit ¶6.

9.    HSBC Mexico does not maintain a mailing address or telephone number in Texas. It does not have any employees or agents assigned to Texas. Affidavit ¶7.

---

[1] Diamond again improperly conflates the allegations against the HSBC entities with regard to the investigation and purported "settlement." *E.g.*, Petition ¶¶13- 17. As Diamond is aware, Marcial Lujan is an attorney who is employed by HSBC Mexico, S.A., not HSBC Bank USA N.A. Affidavit ¶4.

10.     HSBC Mexico does not own, lease, rent, or control any real or personal property in Texas. Nor does it own any assets in Texas. It does not pay taxes to any governmental agency of the State of Texas. Affidavit ¶8. It also does not conduct any marketing or advertising in Texas. Affidavit ¶9.

11.     HSBC Mexico does not hold Board of Directors, officers, or other official meetings in Texas. Affidavit ¶10. HSBC Mexico is not a shareholder, partner, member, or manager of any registered entity that is either organized under the laws of the State of Texas or registered with the Secretary of the State of Texas for the purpose of conducting business in the State of Texas. Affidavit ¶11.

12.     HSBC Mexico has not taken any action in Texas that gives rise to this cause of action against HSBC Mexico, and it has not purposefully availed itself of the protections of the State of Texas. Other than in this cause, HSBC Mexico has not appeared in any Texas court or been named as a party to any legal proceeding in Texas. Affidavit ¶12.

13.     HSBC Mexico's relationship to Diamond Offshore USA, LLC and Diamond Offshore Services Company (the "Diamond Entities") is based in Mexico. For instance,

(i)     The Checking Deposit Agreements entered into by HSBC Mexico with the Diamond Entities (the "Checking Deposit Agreements"), that regulate the rights and obligations of the parties related to the events that form the basis of this litigation, were executed by the Diamond Entities in Mexico;

(ii)    All of the checks issued by the Diamond Entities pursuant to the Checking Deposit Agreements are payable in Mexico;

(iii)   The Checking Deposit Agreements are governed by Mexican law, and all matters related to, and/or in connection with, the checks which are issued pursuant to such Checking Deposit Agreements, are governed by Mexican law; and

(iv)    The Checking Deposit Agreements expressly provide that, in case of controversy, the Diamond Entities have expressly submitted to the jurisdiction of the Mexican competent courts.

Affidavit ¶13.

5814310v.1

14.     The Diamond entities have filed a criminal action before the Federal General Attorney of Mexico with respect to the events that form the basis for this litigation, which is currently under process. Affidavit ¶12. Thus, these plaintiffs have already submitted themselves to and availed themselves of Mexico's judicial system.  Diamond has improperly filed this action in Texas.

## V.
## ARGUMENT & AUTHORITIES

### Requirements For Personal Jurisdiction

15.     Texas courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with Texas and the court's exercise of jurisdiction over defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

### *Minimum Contacts Analysis.*

16.     Texas courts must determine whether the nonresident defendant has purposefully established minimum contacts with Texas. *Moki Mac*, 221 S.W.3d at 575-76; *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996); *Guardian Royal*, 815 S.W.2d at 226. To prove it had no minimum contacts with Texas, the defendant must show that: (1) it did not purposefully avail itself of the privilege of conducting activities within Texas, and (2) any contacts it may have had with Texas do not give rise to specific or general jurisdiction. *See Moki Mac*, 221 S.W.3d at 575-76; *Commonwealth Gen. Corp. v. York*, 177 S.W.3d 923, 925 (Tex. 2005); *BMC Software*, 83 S.W.3d at 795.

5814310v.1

17.     To establish purposeful availment, the defendant's acts must be purposeful rather than random, isolated, or fortuitous, and the defendant must have sought some benefit, advantage, or profit in availing itself of Texas jurisdiction. *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 596 (Tex. 2007); *Moki Mac*, 221 S.W.3d at 575; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005).

*Specific Jurisdiction.*

18.     Texas courts cannot exercise specific jurisdiction over a nonresident defendant unless the plaintiff's litigation results from injuries that are alleged to arise from or relate to the defendant's contacts with Texas. *Moki Mac*, 221 S.W.3d at 575; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 358 (Tex. 1990); *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984); *Michiana*, 168 S.W.3d at 784-85; *BMC Software*, 83 S.W.3d at 795-96. The defendant's acts must have a substantial connection with the operative facts of the litigation. *Moki Mac*, 221 S.W.3d at 585.

*General Jurisdiction.*

19.     Texas courts cannot exercise general jurisdiction over a nonresident defendant unless the defendant has continuous and systematic contacts in Texas. *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W. 3d 163, 169 (Tex. 2007); *Moki Mac*, 221 S.W.3d at 575; *BMC Software*, 83 S. W. 3d at 796; *Guardian Royal*, 815 S.W.2d at 230; *see Helicopteros Nacionales*, 466 U.S. at 415-16.

*Fair Play & Due Process.*

20.     Texas courts cannot exercise jurisdiction over a nonresident defendant if it will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. *See International Shoe Co. v. Washington*, 326 U.S.

5814310v.1

310, 316 (1945); *Moki Mac*, 221 S.W.3d at 575; *Guardian Royal*, 815 S.W.2d at 231; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 359 (Tex. 1990).

## Diamond Cannot Meet the Requirements for Personal Jurisdiction Over HSBC Mexico

21.    HSBC Mexico has neither "purposefully availed" itself of the privilege of conducting activities within Texas nor created "minimum contacts" necessary for this Court to exercise to establish personal jurisdiction over it.    *Burger King*, 471 U.S. at 474-475 (1985).

22.    There is simply no evidence to support any contention that HSBC Mexico had continuous or systematic contacts with Texas sufficient to support general jurisdiction. In fact, the evidence shows the opposite – HSBC Mexico does not, nor is it qualified or authorized to, conduct business in Texas. See Affidavit ¶¶1-12.

23.    There is no evidence to support specific jurisdiction in this matter.  Diamond's own pleading demonstrates that all allegations of wrongdoing occurred in Mexico – not in Texas.

24.    Because of the complete absence of any facts to support general or specific jurisdiction in this matter, this Court's exercise of personal jurisdiction over HSBC Mexico would most certainly offend traditional notions of fair play and substantial justice.    *See International Shoe*, 326 U.S. at 316; *Burger King Corp.*, 471 U.S. at 477-78.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, HSBC Mexico respectfully moves the Court to dismiss this action pursuant to Tex. R. Civ. P. 120(a), and for the Court to award HSBC Mexico such further relief, including the cost of filing this motion, as the Court deems appropriate under the circumstances.

58l4310v.1

☒011/030

Respectfully submitted,

JACKSON WALKER L.L.P.

Glen M. Boudreaux
State Bar No. 02696500
Maryellen Shea
State Bar No. 00793948
1401 McKinney, Suite 1900
Houston TX 77010
Telephone: 713-752-4200
Fax: 713-752-4221
gboudreaux@jw.com
mshea@jw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, as indicated below, in compliance with the Texas Rules of Civil Procedure, on May 25, 2010:

Laura P. Haley                                    *Via Facsimile: (281) 647-2180*
Diamond Offshore Management Company
15415 Katy Freeway, Suite 300
Houston, Texas 77094

Anthony D. Weiner                                *Via Facsimile: (713) 659-2908*
Dobrowski L.L.P.
4601 Washington Avenue, Suite 300
Houston, Texas 77007

Maryellen Shea

# Exhibit A

05/25/2010 17:15 FAX                                                                    ☒013/030

CAUSE NO. 2010-14949

DIAMOND OFFSHORE SERVICES          §        IN THE DISTRICT COURT OF
COMPANY & DIAMOND OFFSHORE         §
(USA) L.L.C.                       §
              Plaintiffs,          §
                                   §
Vs.                                §        HARRIS COUNTY, T E X A S
                                   §
HSBC BANK USA, N.A., HSBC MEXICO   §
S.A. & CCONADAT ISAIAS GOMEZ       §
BERMAN                             §
              Defendants.          §        334TH JUDICIAL DISTRICT


STATE OF TEXAS                     §
                                   §
COUNTY OF HARRIS                   §


## AFFIDAVIT OF FERNANDO FRANCO DE LA GARZA

FERNANDO FRANCO DE LA GARZA deposes and states (subject to and in support of the

special appearance of HSBC Mexico, S.A. in the above-referenced matter) as follows:

1.      "My name is FERNANDO FRANCO DE LA GARZA. I am over 18 years of age. I
        have never been convicted of a crime and am fully competent to make this Affidavit.
        I am now, and during the time of the events that form the basis of this litigation was,
        Legal Manager (Gerente Juridico) for the Legal Direction of Contracts and Consulting
        of HSBC México, S.A., Institución de Banca Múltiple, Grupo Financiero HSBC
        ("HSBC Mexico").  HSBC Mexico is one of the defendants in the above-captioned
        and styled matter.

2.      I have personal knowledge as to the matters stated in this Affidavit. In my capacity as
        Legal Manager (Gerente Juridico) for the Legal Direction of Contracts and Consulting
        of HSBC Mexico I am responsible for drafting and reviewing contracts entered into
        by HSBC Mexico and consulting in corporate and compliance matters involving
        HSBC Mexico. The facts set forth in this Affidavit are true and correct.

3.      HSBC Mexico is a subsidiary of HSBC Holdings plc. It is a legal entity entirely
        separate and distinct from HSBC Bank USA, N.A. HSBC Mexico is neither owned
        by nor an owner of HSBC Bank USA, N.A., directly, indirectly or remotely.

4.      Mr. Marcial Lujan is the Director Juridico de Consultoria for HSBC Mexico, S.A. and
        works and resides in Mexico.

05/25/2010 17:16 FAX

014/030



2

HSBC Mexico is a Mexican bank. HSBC Mexico's corporate domicile, principal place of business and place of incorporation are all in the United Mexican States ("Mexico").

6. HSBC Mexico does not conduct business in Texas. It is not qualified to do business in Texas nor is it registered as a foreign corporation with the Secretary of State of Texas. It is not a resident of Texas and is not required to maintain a registered agent in Texas. In fact, to establish any kind of an office or branch outside of Mexico, a specific authorization from the Ministry of Finance and Public Credit of Mexico ("Secretaria de Hacienda y Crédito Público") is required. No such authorization exists for HSBC Mexico to establish or maintain a branch or office in Texas.

7. HSBC Mexico does not maintain a mailing address or telephone number in Texas. It does not have any employees or agents assigned to Texas.

8. HSBC Mexico does not own, lease, rent, or control any real or personal property in Texas. Nor does it own any assets in Texas. It does not pay taxes to any governmental agency of the State of Texas.

9. HSBC Mexico does not conduct any marketing or advertising in Texas.

10. HSBC Mexico does not hold Board of Directors, officers, or other official meetings in Texas.

11. HSBC Mexico is not a shareholder, partner, member, or manager of any registered entity that is either organized under the laws of the State of Texas or registered with the Secretary of the State of Texas for the purpose of conducting business in the State of Texas.

12. HSBC Mexico has not taken any action in Texas that gives rise to this cause of action against HSBC Mexico, and it has not purposefully availed itself of the protections of the State of Texas. Other than in this cause, HSBC Mexico has not appeared in any Texas court or been named as a party to any legal proceeding in Texas.

13. HSBC Mexico's relationship to Diamond Offshore USA, LLC and Diamond Offshore Services Company (the "Diamond Entities") is based in Mexico. For instance,

   (i) The Checking Deposit Agreements entered into by HSBC Mexico with the Diamond Entities (the "Checking Deposit Agreements"), that regulate the rights and obligations of the parties related to the events that form the basis of this litigation, were executed by the Diamond Entities in Mexico;

   (ii) All of the checks issued by the Diamond Entities pursuant to the Checking Deposit Agreements are payable in Mexico;



05/25/2010 17:17 FAX                                                                        ⊠017/030



3

(iii)  The Checking Deposit Agreements are governed by <u>Mexican law</u>, and all matters related to, and/or in connection with, the checks which are issued pursuant to such Checking Deposit Agreements, are governed by <u>Mexican law</u>; and

(iv)  The Checking Deposit Agreements expressly provide that, in case of controversy, the Diamond Entities have expressly submitted to the jurisdiction of the <u>Mexican competent courts</u>.

14.  The Diamond entities have filed a criminal action before the Federal General Attorney of Mexico with respect to the events that form the basis for this litigation, which is currently under process."

FURTHER AFFIANT SAYETH NAUGHT.

Dated: May 18, 2010

FERNANDO FRANCO DE LA GARZA

05/25/2010 17:17 FAX ☒ 018/030



05/25/2010 17:17 FAX                                                          019/030

Dirección General Jurídica
y de Estudios Legislativos



GOBIERNO DEL DISTRITO FEDERAL
CONSEJERÍA JURÍDICA Y
DE SERVICIOS LEGALES
Dirección General Jurídica
y de Estudios Legislativos
(Convención de la Haya del 5 octubre 1961)

05/25/2010 17:18 FAX                                                                    ☑ 020/030

ROSAMARÍA LÓPEZ LUGO, TITULAR DE LA NOTARÍA DOSCIENTOS VEINTITRÉS DEL DIS-
TRITO FEDERAL, CERTIFICO: Que por acta número trece mil ciento cincuenta y nueve, de fecha
diecinueve de mayo de dos mil diez, otorgada ante la fe de la suscrita notario, compareció el li-
cenciado FERNANDO FRANCO DE LA GARZA, por su propio derecho y en representación de
"HSBC MÉXICO", SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FI-
NANCIERO HSBC, en términos de los artículos ciento veintiocho fracción segunda y ciento treinta
y cinco de la Ley del Notariado para el Distrito Federal en vigor, con el objeto de: A).- RECONO-
CER COMO SUYA LA FIRMA que aparece al calce del presente documento; y, B).- RATIFICAR
EL CONTENIDO DE ESTE DOCUMENTO.- Hago constar que en la referida acta quedó debida-
mente acreditada la identidad y capacidad legal del compareciente, la legal existencia de "HSBC
MÉXICO", SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIE-
RO HSBC, de conformidad con las leyes de los Estados Unidos Mexicanos y las facultades del li-
cenciado FERNANDO FRANCO DE LA GARZA, con el primer testimonio, primera copia en su
orden de la escritura número doscientos noventa y cuatro mil quinientos treinta y tres, de fecha
ocho de marzo de dos mil seis, otorgada ante la fe de la licenciada Georgina Schila Olivera Gon-
zález, titular de la notaría número doscientos siete del Distrito Federal, actuando como asociada y
en el protocolo del licenciado Tomás Lozano Molina, titular de la notaría número diez del Distrito
Federal, el cual quedó inscrito en el Registro Público de Comercio del Distrito Federal, en el folio
mercantil número sesenta y cuatro mil cincuenta y tres, el dieciséis de marzo de dos mil diez,
así como que el compareciente conoce y entiende el idioma inglés.————————————
——— Distrito Federal, a diecinueve de mayo de dos mil diez. Doy fe.———————————






## VERIFICATION

STATE OF TEXAS                                §
                                             §
COUNTY OF HARRIS                              §

 

"My name is Fernando Franco de la Garza. I am capable of making this verification. I have read the Defendant HSBC Mexico's Special Appearance. The facts stated in it are within my personal knowledge and are true and correct."

Dated: May 18, 2010

FERNANDO FRANCO DE LA GARZA

5817918v.1

05/25/2010 17:19 FAX                                                                    022/030



023/030

GOBIERNO DEL DISTRITO FEDERAL
CONSEJERÍA JURÍDICA Y
DE SERVICIOS LEGALES
Dirección General Jurídica
y de Estudios Legislativos

ROSAMARÍA LÓPEZ LUGO, TITULAR DE LA NOTARÍA DOSCIENTOS VEINTITRÉS DEL DIS-
TRITO FEDERAL, CERTIFICO: Que por acta número trece mil ciento cincuenta y nueve, de fecha
diecinueve de mayo de dos mil diez, otorgada ante la fe de la suscrita notario, compareció el li-
cenciado FERNANDO FRANCO DE LA GARZA, por su propio derecho y en representación de
"HSBC MÉXICO", SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FI-
NANCIERO HSBC, en términos de los artículos ciento veinticuatro fracción segunda y ciento treinta
y cinco de la Ley del Notariado para el Distrito Federal en vigor, con el objeto de: A).- RECONO-
CER COMO SUYA LA FIRMA que aparece al calce del presente documento; y, B).- RATIFICAR
EL CONTENIDO DE ESTE DOCUMENTO.- Hago constar que en la referida acta quedó debida-
mente acreditada la identidad y capacidad legal del compareciente, la legal existencia de "HSBC
MÉXICO", SOCIEDAD ANÓNIMA, INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIE-
RO HSBC, de conformidad con las leyes de los Estados Unidos Mexicanos y las facultades del li-
cenciado FERNANDO FRANCO DE LA GARZA, con el primer testimonio, primera copia en su
orden de la escritura número doscientos noventa y cuatro mil quinientos treinta y tres, de fecha
ocho de marzo de dos mil seis, otorgada ante la fe de la licenciada Georgina Schiia Olvera Gon-
zález, titular de la notaría número doscientos siete del Distrito Federal, actuando como asociada y
en el protocolo del licenciado Tomás Lozano Molina, titular de la notaría número diez del Distrito
Federal, el cual quedó inscrito en el Registro Público de Comercio del Distrito Federal, en el folio
mercantil número sesenta y cuatro mil cincuenta y tres, el diecisiete de marzo de dos mil diez,
así como que el compareciente conoce y entiende el idioma inglés.———————————
—— Distrito Federal, a diecinueve de mayo de dos mil diez. Doy fe.————————————






Ⓩ 025/030

I, ROSAMARIA LOPEZ LUGO, PROPRIETOR OF NOTARY'S OFFICE TWO HUNDRED AND TWENTY-THREE OF THE FEDERAL DISTRICT [OF MEXICO CITY], CERTIFY: That through instrument number thirteen thousand one hundred and fifty-nine, dated the nineteenth of May two thousand and ten, granted in the presence of the undersigned notary, Mr. FERNANDO FRANCO DE LA GARZA appeared, on his own behalf and representing "HSBC MEXICO", SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, in the terms of Articles one hundred and twenty-eight second section and one hundred and thirty-five of the Law on Notaries for the Federal District in force, with the aim of: A).- ACKNOWLEDGING AS HIS OWN THE INITIALS AND SIGNATURE that appear in the margin and at the foot of this document, respectively; and, B).- RATIFYING THE CONTENTS OF THIS DOCUMENT.- I hereby certify that the identity and legal capacity of the appearing person, the legal existence of "HSBC MEXICO", SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, in accordance with the laws of the United Mexican States were duly evidenced in the aforementioned instrument and the authority of Mr. FERNANDO FRANCO DE LA GARZA with the first official copy, first in order of instrument number two hundred and ninety-four thousand five hundred and thirty-three, dated the eighth of March two thousand and six, granted in the presence of Mrs. Georgina Schilla Olivera Gonzalez, proprietor of notary's office number two hundred and seven of the Federal District [of Mexico City], acting as associate and in the notarial record book of Mr. Tomas Lozano Molina, proprietor of notary's office number ten of the Federal District, which was entered in the Public Commercial Registry of the Federal District, in commercial folio number sixty-four thousand and fifty-three, on the sixteenth of March two thousand and ten, as well as that the appearing person knows and understands English. ———
————— Mexico City, Federal District, on the nineteenth of May two thousand and ten. I attest to the foregoing. —————



(Illegible signature)





05/25/2010 17:21 FAX　　　　　　　　　　　　　　　　　　　　　　　　　図026/030

Federal District's Government Counseling Unit of the General Legal and Legislative Studies Department of the
Legal Services and Juridical Counseling Office



M e x i c o

Apostille
(Convention de La Haye du 5 octubre 1961)

Mexico City

Duties:　　　　$ 64.00

Order No.:　　18278

This public document has been signed in Mexico by:

ROSAMARÍA LOPEZ LUGO

acting in her/his status of:
NOTARY PUBLIC NO. 223 IN AND FOR THE FEDERAL DISTRICT, MEXICO CITY

and contains the seal corresponding to: NOTARIAL OFFICE NO. 223 IN AND FOR THE FEDERAL DISTRICT, MEXICO
CITY

Certified in　　MEXICO CITY, FEDERAL DISTRICT　by　SANTIAGO ANDRES SANCHEZ, HEAD OF THE
ADVISORY DEPARTMENT UNIT OF THE

GENERAL LEGAL AND LEGISLATIVE STUDIES DEPARTMENT OF THE LEGAL SERVICES AND

JURIDICAL COUNSELING OFFICE.



FEDERAL DISTRICT
CAL COUNSELING OFFICE
d Legislative
artment

MEXICO CITY, FEDERAL DISTRICT, on 19TH of MAY 2010

(Illegible signature)

Signature

I, Michele Pagano, Expert Translator, duly qualified, and authorized by the Superior Court of
Justice in Mexico City, with domicile at Río Elba 25-K, Col. Cuauhtémoc, México City, D.F., Tel.
5286-81-89 and 5286-29-02 (Fax), do hereby certify that the foregoing is, to the best of my
knowledge and belief, a true and correct translation of the attached document in Spanish.

Mexico, City, Federal District, May 19, 2010.

　　　　　　　　　　Michele Pagano

# EXHIBIT 7

CAUSE NO. 2010-14949

| | | |
|---|---|---|
| DIAMOND OFFSHORE SERVICES | § | IN THE DISTRICT COURT |
| COMPANY & DIAMOND OFFSHORE | § | |
| (USA) L.L.C. | § | |
| | § | |
| VS. | § | 334TH JUDICIAL DISTRICT |
| | § | |
| HSBC BANK USA, N.A., HSBC MEXICO | § | |
| S.A. & CONADAT ISAIAS | § | |
| GOMEZ BERMAN | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, CONADAT ISAIAS GOMEZ BERMAN, Defendant in the above-entitled and numbered cause, and files this, Original Answer, and in support of which it would respectfully show unto the Court the following:

I.

Reserving the right to file other and further pleadings, exceptions, and denials, this defendant denies each and every material allegation contained in Plaintiffs' Original Petition and demands that Plaintiffs be required to prove the same by a preponderance of the evidence in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

II.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing against this defendant and that defendant go hence with its costs without day.

Respectfully submitted,

Law Office of Michael J. Garza, P.C.
6521 North 10th Street, Ste. F
McAllen, Texas 78504
Telephone (956) 994-3160
Facsimile (956) 994-5174

By:

Michael J. Garza
State Bar No. 00788769

ATTORNEY FOR DEFENDANT CONADAT
ISAIAS GOMEZ BERMAN

May. 25. 2010  3:52PM    MICHAEL J GARZA ATTORNEY                    No. 6388    P. 4/4

CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on this _25th_ day of May, 2010 a true and correct copy of
the foregoing document was served via regular mail to the following counsel of record:

Laura P. Haley
Diamond Offshore Management Company
15415 Katy Freeway, Ste. 300
Houston, Texas 77094

Anthony D. Weiner
4601 Washington Ave., Ste 300
Houston, Texas 77007

ATTORNEYS FOR PLAINTIFFS

Michael J. Garza

# EXHIBIT 8

Case No.  201014949

**DCORX**

DIAMOND OFFSHORE SERVICES COMP

VS.

HSBC BANK USA N A

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

334th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1.  **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.  **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **04/22/11**    Experts for parties seeking affirmative relief.
(b) **05/23/11**    All other experts.

3.  **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.  **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)    Total hours per side for oral depositions.
(b)    Number of interrogatories that may be served by each party on any other party.

5.  **ALTERNATIVE DISPUTE RESOLUTION.**
(a)    By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
(b)    ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.  **06/23/11    DISCOVERY PERIOD ENDS.**    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.  **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
(a)    If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b)    Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)    Rule 166a(i) motions may not be heard before this date.

8.  **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9.  **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.    Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:            Failure to appear will be grounds for dismissal for want of prosecution.

11. **08/22/11    TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

Anthony D. Weiner
4601 Washington Ave # 300
Houston TX 77007-5433

2

24043984

**SHARON MCCALLY**
Judge, 334TH DISTRICT COURT
Date Generated    05/28/2010

JCVO02
rev.120793

# EXHIBIT 9

**HCDistrictclerk.com**     DIAMOND OFFSHORE SERVICES COMPANY vs.          6/14/2010
HSBC BANK USA N A
Cause: 201014949        CDI: 7      Court: 334

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## DOCUMENTS
Proper credentials required. Please login or contact Harris County District Clerk's Office at (713) 755-7300.

## SUMMARY

| CASE DETAILS | | COURT DETAILS | |
|---|---|---|---|
| File Date | 3/5/2010 | Court | 334th |
| Case (Cause) Location | Civil Intake 1st Floor | Address | 201 CAROLINE (Floor: 15) HOUSTON, TX 77002 Phone:7133686500 |
| Case (Cause) Status | Ready Docket | | |
| Case (Cause) Type | FRAUD | JudgeName | SHARON MCCALLY |
| Next/Last Setting Date | 6/25/2010 | Court Type | Civil |

## PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| DIAMOND OFFSHORE SERVICES COMPANY | PLAINTIFF - CIVIL | | WEINER, ANTHONY D. |
| HSBC BANK USA N A | DEFENDANT - CIVIL | | BOUDREAUX, GLEN M. |
| DIAMOND OFFSHORE (USA) L L C | PLAINTIFF - CIVIL | | WEINER, ANTHONY D. |
| HSBC MEXICO S A | DEFENDANT - CIVIL | | SHEA, MARYELLI |
| BERMAN, CONADAT ISAIAS GOMEZ | DEFENDANT - CIVIL | | GARZA, MICHAEL JAMES |

HSBC BANK USA N A   REGISTERED AGENT
(VIRGINIA
CORPORATION) BY
SERVING AT ITS
OFFICES

HSBC MEXICO S A   REGISTERED AGENT
(FOREIGN
CORPORATION) BY
SERVING HSBC BANK
USA N A

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Attorney |
|------|-------------|--------------|-----------|-----|----------|
| 6/7/2010 | SECOND AMENDED ORIGINAL PETITION | | | 0 | WEINER, ANTHONY D. |
| 6/7/2010 | SECOND AMENDED ORIGINAL PETITION | | | 0 | WEINER, ANTHONY D. |
| 6/2/2010 | ANSWER ORIGINAL PETITION | | | 0 | GARZA, MICHAEL JAMES |
| 6/1/2010 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 6/1/2010 | | 3 | |
| 5/28/2010 | DESIGNATED TRIAL READY | | | 0 | |
| 5/25/2010 | ANSWER ORIGINAL PETITION | | | 0 | BOUDREAUX, GLEN M. |
| 5/25/2010 | ANSWER ORIGINAL PETITION | | | 0 | SHEA, MARYELLEN |
| 5/17/2010 | FIRST AMENDED ORIGINAL PETITION | | | 0 | WEINER, ANTHONY D. |
| 5/17/2010 | FIRST AMENDED ORIGINAL PETITION | | | 0 | WEINER, ANTHONY D. |
| 3/5/2010 | JURY FEE PAID (TRCP 216) | | | 0 | |
| 3/5/2010 | ORIGINAL PETITION | | | 0 | WEINER, ANTHONY D. |
| 3/5/2010 | ORIGINAL PETITION | | | 0 | WEINER, ANTHONY D. |

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Defendant |
|------|-------|-----------|-------------|--------|---------|----------|-----------|
| 5/26/2010 08:00 AM | 334 | | Submission Docket (Local Rule 12) | MOTION TO DISMISS | Passed | NEEDED:NTC/ORDER /COC/NSWC | |
| 5/26/2010 08:00 AM | 334 | | Submission Docket (Local Rule 12) | SPECIAL APPEARANCE (TRCP 120A) | Passed | NEEDED:NTC/ORDER /COC/NSWC | |
| 6/25/2010 10:00 AM | 334 | | Law Day Docket | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | | | |
| 6/25/2010 10:00 AM | 334 | | Law Day Docket | SPECIAL APPEARANCE (TRCP 120A) | | | |
| 5/23/2011 10:05 AM | 334 | | Another Docket | COURT SCHEDULING ORDER | | | |
| 8/22/2011 09:00 AM | 334 | | Trial Setting | Trial on Merits | | | |

## SERVICE

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|

| CITATION | SERVICE RETURN / EXECUTED | ORIGINAL PETITION | BERMAN, CONADAT ISAIAS GOMEZ OR ANYWHERE HE MAY BE FOUND | 3/5/2010 | 3/10/2010 5/5/2010 5/14/2010 | 5/17/2010 | 72511361 |
| CITATION (NON-RESIDENT CORPORATE) | SERVICE ISSUED / IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | HSBC BANK USA N A (VIRGINIA CORPORATION) BY SERVING AT ITS OFFICES | 3/5/2010 | 3/10/2010 | | 72512755 |
| CITATION (NON-RESIDENT CORPORATE) | SERVICE ISSUED / IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | HSBC MEXICO S A (FOREIGN CORPORATION) BY SERVING HSBC BANK USA N A | 3/5/2010 | 3/10/2010 | | 72512761 |